# EXHIBIT A

3446351.1

**COPY**

AUG - 2 2017

MICHAEL K. JEANES, CLERK
K. MARQUEZ
DEPUTY CLERK

Kevin Harper, State Bar No. 019118
HARPER LAW PLC
350 N. Gilbert Road, Suite 204
Gilbert, Arizona 85234
Tel: 602-256-6400
Fax: 602-256-6418
kevin@harperlawaz.com
*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF ARIZONA

COUNTY OF MARICOPA

| | |
|---|---|
| MIKE SPELMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PHOENIX LITHOGRAPHING CORPORATION, a Pennsylvania corporation; BARRY GREEN, an individual; JOHN AND JANE DOES 1-10; and BLACK AND WHITE CORPORATIONS I-X,<br><br>Defendant. | No. CV2017-094907<br><br>**COMPLAINT** |

Plaintiff Mike Spelman, by and through undersigned counsel, for his complaint against Defendants, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a resident of Maricopa County, Arizona living and residing in Arizona at all times material to this Complaint.

2. Upon information and belief, Defendant Phoenix Lithographing Corporation ("PLC") is a Pennsylvania corporation, which has employed persons in Arizona and/or done business with in the State of Arizona.

3. Upon information and belief, Defendant Barry Green is a resident of Pennsylvania who is responsible for the events described in this Complaint.

4. The events alleged in this complaint occurred in Arizona. Defendants are or were present in Arizona, doing business in Arizona, and/or caused events to occur in Arizona out of which Plaintiff's causes of action arise. The amount in controversy exceeds the minimal jurisdictional amount of this Court.

5. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

6. Plaintiff Mike Spelman was an employee of PLC, beginning in or about March 2016, pursuant to the terms of a written employment offer and agreement dated February 18, 2016 (the "Agreement").

7. Barry Green was and is the Chairman of PLC, and was so identified on the Agreement, which was conveyed to Plaintiff by PLC's President, Vince Costanza.

8. Pursuant to that Agreement, Mr. Spelman was employed as Chief Executive Officer of Phoenix Financial, a Division of PLC.

9. The Agreement contemplated Plaintiff working remotely from his home in Arizona, with the bulk of his services to be performed remotely from Arizona.

10. The Agreement further provided for an annual salary of $175,000.00, plus commissions and an expense allowance.

11. The stated term of the Agreement was two years, with an expiration date in March 2018, and an option for PLC to extend that term for an additional three years.

12. As set forth in the Agreement and/or as discussed between the parties, Mr. Spelman was also entitled to Company-paid health benefits and three weeks of paid vacation per year. These benefits are consistent with those provided to all similarly situated employees.

13. Throughout the term of his employment Mr. Spelman complied with his obligations under the Agreement, performed his duties as an employee of the Company diligently, and was never the subject of any formal complaint or discipline.

14. PLC, however, was consistently negligent in its obligations to pay the commissions owed to Mr. Spelman, and only got around to issuing those payments after Mr. Spelman would send reminders seeking payment.

15. Despite the occasional delays in payment, during the first year of his employment the Company did eventually pay Mr. Spelman the commissions contemplated under the Agreement. During that year Mr. Spelman also took vacation time off, and was paid for that time off.

16. Inexplicably, Mr. Spelman's relationship with the Company soured in or about April 2017, after he took a vacation and was then not paid for that time off. Prior to that vacation, Mr. Spelman went through appropriate channels to notify the Company of his upcoming vacation, and he was given no notice that he would not be paid for that time off until the money didn't show up in his paycheck.

17. After Plaintiff noticed that he had not been paid for his vacation he contacted Mr. Green, who informed Plaintiff, without explanation, that he would not be paid for his vacation time.

18. Mr. Spelman objected and demanded to be paid his salary earned, explaining that in addition to his entitlement to the paid vacation time under the terms of the parties' employment agreement, he had actually worked remotely virtually every day of his vacation, performing tasks such as answering emails and taking telephone calls.

19. Plaintiff was not paid for at least twelve days of work that he had taken as vacation time, though he worked throughout his vacation, leaving approximately $8,076.92 in unpaid salary owed to him.

20. During his conversations with Mr. Green about the unpaid vacation time, Plaintiff also demanded payment for approximately $24,000.00 in commissions that have been earned, but which remained unpaid.

21. Defendants refused to pay the vacation time or the earned commissions and, instead, notified Plaintiff that his employment was being terminated.

22. Plaintiff thereafter received a final paycheck with payment for just two of his five days worked from the prior week, without the earned vacation time, the commissions owed, or the salary remaining to be paid under the terms of the two-year Agreement, which does not expire until March 2018.

23. The total remaining salary due and owing under the Agreement exceeds $145,000.00, which Defendants have also refused to pay.

## COUNT ONE
### (Breach of Contract – Against Defendant PLC)

24. Plaintiff incorporates all of the foregoing allegations as if set forth fully herein.

25. The employment relationship is contractual in nature.

26. By failing to pay wages, commissions, benefits, and other amounts owed to Plaintiff pursuant to the Agreement and through the termination date of the Agreement, Defendant PLC has breached its contractual obligations to Plaintiff.

27. In addition to the express obligations of the contract, a duty of good faith and fair dealing is an implied term of the employment contract between the parties.

28. By failing to pay Plaintiff his earned wages and by retaliating against Plaintiff and depriving Plaintiff of his employment without good cause, Defendant PLC breached its duty of good faith and fair dealing.

29. Plaintiff fully performed all of his obligations under the employment contract. To the extent he failed to fulfill any such obligations, said failure was solely the result of Defendants' actions or inactions.

30. As a direct and proximate result of Defendant's breaches, Plaintiff has been damaged in an amount to be proven at trial.

31. Plaintiff is entitled to his attorneys' fees pursuant to A.R.S. § 12-341.01.

## COUNT TWO
### (Failure to Pay Wages – Against Defendant PLC)

32. Plaintiff incorporates all of the foregoing allegations as if set forth fully herein.

33. Arizona law requires that employers pay employees in a timely manner and on or before certain designated pay dates that fall within the parameters set forth in A.R.S § 23-351.

34. In addition, discharged employees must be paid all wages due within seven working days or at the end of the next regular pay period, whichever is sooner. A.R.S. § 23-353.

35. If an employer fails to pay wages in a timely manner and the employee is forced to pursue legal action, the employee is entitled to recover treble the amount of the unpaid wages. A.R.S. § 23-355.

36. Defendant terminated Plaintiff from its employ without paying wages to which Plaintiff was entitled in a timely manner.

37. Defendant's failure to pay Plaintiff's wages is intentional and willful.

38. As a result of the above, Plaintiff is entitled to judgment against Defendant for treble damages, as calculated based on the amount of unpaid wages owed to Plaintiff.

## COUNT THREE
### (Wrongful Termination – Against Defendant PLC)

39. Plaintiff incorporates all of the foregoing allegations as if set forth fully herein.

40. Defendant terminated the employment relationship with Plaintiff in retaliation for Plaintiff requesting compensation lawfully owed to him and withheld in violation of an Arizona statute. Plaintiff's termination thus violates, among other things, A.R.S. § 23-1501(3)(c)(ii).

41. Defendant's actions were carried out intentionally and with a conscious disregard to the interests of Plaintiff and specifically for its own self-interests, thereby exposing Defendant to liability for exemplary and punitive damages.

42. Plaintiff has been damaged as a direct and proximate result of Defendant's conduct in an amount to be proven at trial.

5

## COUNT FOUR
### (Unpaid Wages Violation/Retaliation – 29 U.S.C. §§ 206 and 215)

43. Plaintiff incorporates all of the foregoing allegations as if set forth fully herein.

44. While employed by Defendants Plaintiff performed work and earned wages for which he was not compensated.

45. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

46. The provisions set forth in 29 U.S.C. § 207 of the Fair Labor Standards Act ("FLSA") apply to Defendants.

47. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

48. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

49. All Defendants are co-equally liable for all matters.

50. Upon information and belief, Defendant Green was and is the owner of PLC.

51. Upon information and belief, Defendant Green made all decisions regarding the daily of activities of the Company's employees and makes all decisions regarding pay policies and exerted financial and operative control over PLC and is therefore liable under the FLSA.

52. Upon information and belief, Defendant Green had the power to close PLC, to hire and fire employees, and was responsible for hiring managerial employees.

53. Upon information and belief, Defendant Green maintained employment records and personally profited from the FLSA violations detailed in this Complaint.

54. At all times material to this action, each of the Defendants was and continues to be "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

55. Upon information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

56. Defendants have intentionally and willfully failed and refused to pay Plaintiff wages owed to him according to the provisions of the FLSA.

57. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 206.

58. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to the amount of unpaid wages owed to him, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

59. Defendants' conduct in failing to compensate Plaintiff, in violation of the FLSA, and in terminating his employment in retaliation for his complaints, was willful.

60. Defendants have discharged Plaintiff's employment in retaliation for his complaints about Defendants' violations, in violation of 29 U.S.C. § 215(3), and are therefore liable for damages for lost wages and other damages caused by the unlawful termination.

61. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his wages and other compensation owed, and as a direct and foreseeable result of Defendants' conduct Plaintiff has incurred costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial with respect to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

(A) Awarding judgment in Plaintiff's favor and against Defendants in an amount to be determined at trial;

(B) Awarding Plaintiff treble damages on Plaintiff's unpaid wages pursuant to A.R.S. § 23-355;

(C) Awarding Plaintiff liquidated damages in an amount equal to the unpaid wages pursuant to the provisions of the FLSA;

(D) Awarding judgment in an amount to be proven at trial in Plaintiff's favor and against Defendant for all additional damages provided for under applicable law, including but not limited to compensatory damages, punitive damages, front pay, and back pay, punitive, statutory and liquidated damages;

(E) Awarding Plaintiff interest as provided for by law;

(F) Awarding Plaintiff his costs and attorneys' fees pursuant to A.R.S. §§ 12-341 and 341.01, 29 U.S.C. § 216(b), and/or as otherwise provided for by law; and

(D) Awarding Plaintiff such further relief as this Court deems just and proper.

DATED this 2nd day of August, 2017.

HARPER LAW PLC

Kevin Harper
Attorney for Plaintiff

8